Filed 6/8/23  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C097423 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F10252) |
| v. | |
| DOMINICK WEST, | |
| Defendant and Appellant. | |

A jury found defendant Dominick West guilty of, among other things, second degree murder by personally firing a gun from a motor vehicle with the intent to inflict great bodily injury (Pen. Code, §§ 187, subd. (a), 190, subd. (d))[1] and found true the attached allegation that he personally and intentionally discharged a firearm causing death during the offense (§ 12022.53, subd. (d)).  The trial court sentenced him to 51

---

[1]     Undesignated statutory references are to the Penal Code.

1

years to life in state prison and we affirmed the judgment, except for an order of restitution, in 2011. (*People v. West* (Sept. 9, 2011, C064703) [nonpub. opn.].)

Defendant filed a petition for resentencing under former section 1170.95.[2] The court obtained briefing from counsel and held a prima facie hearing. The trial court denied the petition after finding defendant failed to make a sufficient prima facie showing because he actually killed the victim, and the jury was not instructed on theories of felony murder or the natural and probable consequences doctrine. Defendant appealed.

Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 that set forth the relevant procedural history of the case and asked this court to independently review the record and determine whether any arguable issues on appeal exist. Counsel also advised defendant that he had 30 days to file a supplemental brief and that failure to do so may result in dismissal of the appeal.

On March 16, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed, and we have received no communication from defendant.

---

**2** The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 551.) Further, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)

We consider defendant's appeal abandoned and order it dismissed.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
KRAUSE, J.